```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
DONALD C. WILHELM, JR.,
                                *
     Plaintiff,
                                *
          v.                         CIVIL NO.: WDQ-09-1713
                                *
JUDITH A. WILHELM,
                                *
     Defendant.
                                *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION

Donald C. Wilhelm, Jr. ("D. Wilhelm") sued Judith A. Wilhelm ("J. Wilhelm") for interference with custody and visitation rights, and intentional infliction of emotional distress. Pending is D. Wilhelm's motion to strike J. Wilhelm's jury demand. For the following reasons, the motion will be denied.

I. Background

The parties separated on March 30, 2004.[1] Compl. ¶ 7. Thereafter, J. Wilhelm denied D. Wilhelm access to their daughter, A.W. and excluded him from parental decisions. *Id.* ¶ 10. On June 20, 2005, the parties entered into a Marital Settlement Agreement ("Agreement") for custody, visitation, and child support. *Id.* ¶ 11. The parties had joint custody, but A.W. was to reside primarily with J. Wilhelm. *Id.* ¶ 12. On June 23, 2005, the Circuit Court for Howard County issued a Judgment

---

[1] For the purpose of this motion, D. Wilelm's well-pled allegations will be accepted as true.

of Divorce that incorporated, but did not merge, the Agreement. *Id.* ¶ 20.

Thereafter, J. Wilhelm told D. Wilhelm that A.W. had dropped out of high school and had undergone a serious medical procedure without his knowledge. *Id.* ¶¶ 21-22. J. Wilhelm and A.W. moved from Maryland--where the parties were married and had raised A.W.--to Texas. *Id.* ¶ 24. The parties agreed that A.W. would return to school in Maryland. *Id.* ¶ 25.

In September 2005, J. Wilhelm came to Maryland, took A.W. to Texas, and enrolled her in school there; A.W. dropped out a few months later. *Id.* ¶¶ 26-28. J. Wilhelm has since denied D. Wilhelm contact with A.W. *Id.* ¶ 40. J. Wilhelm enrolled A.W. in a home school program without consulting D. Wilhelm. *Id.* ¶ 29. D. Wilhelm discovered that A.W. was in the program and not completing her courses and confronted J. Wilhelm about it; J. Wilhelm retaliated by instructing the program not to disclose A.W.'s progress reports to D. Wilhelm. *Id.* ¶¶ 31-33.

In November 2007, A.W. gave birth to a daughter; D. Wilhelm was not informed of the pregnancy or birth. *Id.* ¶¶ 35-36. D. Wilhelm's phone calls and letters to A.W. have been ignored. *Id.* ¶¶ 42-43.

On March 19, 2009, D. Wilhelm filed this suit in the Circuit

Court for Howard County.[2]  On June 30, 2009, J. Wilhelm removed to this Court.  Paper No. 1.  On July 23, 2009, J. Wilhelm answered and demanded a jury trial.  Paper No. 11.  On July 24, 2009, D. Wilhelm moved to strike the jury demand for untimely filing.  Paper No. 13.

II.  Analysis

    A.  Standard of Review

The Seventh Amendment right to a jury trial is not automatic and may be waived if not timely demanded.  *Gen. Tire & Rubber Co. v. Watkins*, 331 F.2d 192, 195 (4th Cir. 1964).  A jury demand is timely if served within 10 days after: (i) a party files a notice of removal; or (ii) it is served with notice of removal filed by another party.  *Id*.  Untimely demands for jury trial may be granted at the court's discretion.  Fed. R. Civ. P. 39(b).  *See also Branham v. Dolgencorp, Inc.*, No. 6:09-CV-00037, 2009 U.S. Dist. LEXIS 74306 at *2 (W.D. Va. 2009).

    B.  Motion to Strike the Jury Demand

        1. Rule 81(c)(3)(A)

A party who has expressly demanded a jury trial before removal need not renew that demand.  Fed. R. Civ. P. 81(c)(3)(A).  Unless otherwise ordered, no express demand for a jury trial is necessary if state law does not require such a demand.  *Id*.

---

[2] J. Wilhelm received the Complaint on June 12, 2009.  Not. of Removal ¶ 9.

Maryland Rule 2-325(b) requires a party entitled to a jury trial to make a written demand "within 15 days after service of the last pleading filed by any party directed to the issue."  Md. R. 2-325(b).  There is no indication that J. Wilhelm demanded a jury from the state court before removal.

    2. Rule 81(c)(3)(B)

"If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one" upon timely demand.  Fed. R. Civ. P. 81(c)(3)(B).

D. Wilhelm asserts that the complaint is the only "necessary" pleading, and thus a demand for a jury must have been made within 10-days of filing the notice of removal regardless of whether the answer has been filed.  Pl. Rep. at 3.  J. Wilhelm asserts that the answer is a "necessary pleading" and thus the 10-day period did not begin upon notice of removal.

Several recent cases have construed "necessary pleadings" in 81(c)(3)(B) to mean *all* pleadings.[3]  This construction is

---

[3] *See Mastec North Am., Inc. v. Comcast Cable Communs. Mgmt., LLC*, No. C 08-3759 SI, 2009 U.S. Dist LEXIS 57748 at *2 (N.D. Ca. June 16, 2009) (stating that 81(c)(3)(B) applies when "all relevant pleadings" have been served); *Lum v. Discovery Capital Mgmt.*, LLC, 625 F. Supp. 2d 82, 82 (D. Conn. 2009) ("If all the pleadings in a case were filed before removal, Rule 81(c)(3)(B) requires a party seeking a jury trial to serve its demand within ten days of the notice of removal."); *Cross v. Monumental Life Ins. Co.*, No. CV-08-8019-PCT-FJM, 2008 WL 275134, *1 (D. Ariz. July 8, 2008) ("Subsection (B) requires compliance with Rule 38, Fed. R. Civ. P., whe[n] all pleadings have been served at the time of removal").

consistent with Rule 38(b)(1), which permits a demand "no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1).

Rule 81(c)(3)(B) applies to jury demands "Under Rule 38." Fed. R. Civ. P. 81(c)(3)(B). The "all necessary pleadings" provision of 81(c)(3)(B), and "the last pleading directed to the issue" provision of 38(b)(1) govern the schedule for filing a notice of demand for a jury trial.

Because all relevant pleadings had not been filed when the case was removed, J. Wilhelm's jury demand was timely.

III.  Conclusion

For the reasons stated above, D. Wilhelm's motion to strike jury demand will be denied.


<u>October 2, 2009</u>                          <u>      /s/              </u>
Date                                     William D. Quarles, Jr.
                                         United States District Judge